UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY AND SANDRA WILLSCH, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED<br><br>**Plaintiffs,**<br>v.<br><br>NATIONWIDE INSURANCE COMPANY OF AMERICA<br><br>**Defendant.** | Civil Action No: 09 5276 |

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendant Nationwide Insurance Company of America ("NICOA") respectfully submits this Statement of Undisputed Facts in Support of Its Motion for Summary Judgment. In addition, NICOA joins in the Joint Statement of Undisputed Facts submitted on behalf of all Defendants ("Joint Statement").

**I.   NICOA'S PRACTICES AND PROCEDURES FOR COMPLYING WITH APPLICABLE STATUTES**

1. NICOA's rate filings with the Pennsylvania Insurance Department, approved by the Insurance Commissioner and in effect during the Willsch policy periods, include a passive anti-theft device discount. The criteria for the discount, as set forth in NICOA's Agent's Portfolio, is as follows:

**ANTI-THEFT DEVICE DISCOUNT**

A 10 percent discount (multiply by .90) in Comprehensive premium is applicable for vehicles equipped with the following anti-theft device:

A passive anti-theft device is one that is engaged automatically when the operator turns the ignition switch to the off position. (A separate manual step is not required to engage the device) The

> device must disable the vehicle by making the fuel, ignition, or starting system inoperative.
>
> Ignition interlock systems (mechanism that locks the steering column when the key is removed) do not qualify for the discount.
>
> This rate factor is applicable to the following vehicle types: PPA, MH, AC-Reg, and AC-Res.

Nationwide Mutual Insurance Company Agent's Portfolio (effective March 27, 2005), Pennsylvania Private Passenger Auto, at p. PPA-9, Bates Nos. NIC00010862 & NIC00005507 (approval); Nationwide Mutual Insurance Company and Nationwide Insurance Company of America Agent's Portfolio (effective January 31, 2008), Pennsylvania Private Passenger Auto, at p. PPA-11, Bates Nos. NIC00008461 & NIC00008422 (approval); Nationwide Mutual Insurance Company and Nationwide Insurance Company of America Agent's Portfolio (effective September 7, 2009), Pennsylvania Private Passenger Auto, at p. PPA-12, Bates Nos. NIC00011530 & NIC00008750 (approval); Nationwide Mutual Insurance Company and Nationwide Insurance Company of America Agent's Portfolio (effective December 7, 2009), Pennsylvania Private Passenger Auto, at p. PPA-12, Bates Nos. NIC00010218 & NIC00010095 (approval). All of the above pages are attached collectively hereto as Exhibit "A."

    2.    At the time of their application for insurance and at every renewal, NICOA provides consumers with a "Notice of Availability" that states:

> **PREMIUM DISCOUNTS**
>
> Premium may be reduced for the installation of certain safety devices in a motor vehicle or for successful completion of a driver improvement course.
>
>             \*     \*     \*
>
> - **PASSIVE ANTITHEFT DEVICES —** Any item or system installed in an automobile which is activated automatically when the operator turns its ignition to the off

>  position and which is designed to prevent unauthorized use. This does not include an ignition interlock provided as a standard antitheft device by the original automobile manufacturer. A discount applies to compre[h]ensive coverage.
>
>  \* \* \*
>
>  **ASSISTANCE**
>
>  If you have any questions or need any help in selecting the protection you want, believe you qualify for discounts or wish to discuss your insurance program, your Nationwide Agent will be able to assist you.
>
>  Please keep this information with your policy should you need it later.

*See* Affidavit of Daniel Meister, attached hereto as Exhibit "B," ¶ 5; Nationwide Notice of Availability, V-6457 and V-6457-A (attached as Exhibit "1" to Affidavit of Daniel Meister).[1]

      3.    Nationwide agents have a working knowledge of the "Notice of Availability" regarding the passive anti-theft discount, and agents interview policyholders to determine if their vehicles are equipped with passive anti-theft devices. *See* Transcript of May 27, 2010 Deposition of Jacob Strevig, attached hereto as Exhibit "C," at p. 48 lines 12-24; p. 49 line 17 - p. 50 line 5; *see also AOA Study Manual: Auto Quote and Bind*, attached hereto as Exhibit "D," at p. 12-14, Bates No. NIC00010572-NIC00010574.

      4.    The Notice of Availability explains and reminds policyholders about the availability of the passive anti-theft device discount and instructs policyholders to contact their agent if they believe that they are entitled to discounts. *See* Affidavit of Daniel Meister, attached

---

[1] The language of Nationwide Notice of Availability V-6457-A regarding the availability for discounts for passive anti-theft devices is identical to the language set forth in Nationwide Notice of Availability V-6457, with the exception of the correction of a minor typographical error in form V-6457. *See* Exhibit "1" to Affidavit of Daniel Meister, attached hereto as Exhibit "B."

hereto as Exhibit "B," ¶ 5; Nationwide Notice of Availability, V-6457 and V-6457-A (attached as Exhibit "1" to Affidavit of Daniel Meister).

## II. NICOA'S PRACTICES FOR APPLYING THE PASSIVE ANTI-THEFT DEVICE DISCOUNT

5.  NICOA agents utilize the Agency Online Access ("AOA") system for automobile policies issued by NICOA in Pennsylvania.[2] *See* Transcript of May 27, 2010 Deposition of Jacob Strevig, attached hereto as Exhibit "C," at p. 64 line 14-p. 65 line 19.

6.  The AOA system enables agents to interact with NICOA regarding the underwriting process. *See* Transcript of May 24, 2010 Deposition of Thomas Rau, attached hereto as Exhibit "E," at p. 38 lines 7-17.

7.  NICOA agents provide underwriting information to NICOA through the AOA system. Agents utilize AOA to enter information obtained from policyholders in order to quote insurance premiums, submit policy applications, and bind automobile policy coverage. *See generally AOA Study Manual: Auto Quote and Bind*, attached hereto as Exhibit "D," Bates Nos. NIC00010561-00010594.

8.  Information regarding a policyholder's eligibility for an anti-theft discount is manually entered by agents into AOA while completing the application with the policyholder as prompted by the AOA system. *See* Transcript of May 27, 2010 Deposition of Jacob Strevig, attached hereto as Exhibit "C," at p. 48 lines 12-24; p. 49 line 17-p. 50 line 5; *AOA Study Manual: Auto Quote and Bind*, attached hereto as Exhibit "D," at p. 14, Bates No. NIC00010574; Point of Sale Customer Worksheet, attached as Exhibit "F," Bates Nos. NIC00013028 & NIC10550.

---

[2] In addition to the AOA system, NICOA also has a web-based application available to consumers through the Internet from which they may purchase insurance. This generates only a small fraction of NICOA's business. Internet-based business is primarily sold without the assistance of an agent. It amounts to roughly 1% of NICOA's business in Pennsylvania. *See* Affidavit of Thomas O. Rau, attached hereto as Exhibit "H."

4

9.      As part of the AOA system, the agent is presented with a series of data fields that the agent must complete to move through the bid and application process. *See* Transcript of May 27, 2010 Deposition of Jacob Strevig, attached hereto as Exhibit "C," at p. 48 lines 12-24; p. 49 line 17-p. 50 line 5; *AOA Study Manual: Auto Quote and Bind*, attached hereto as Exhibit "D," at p. 14, Bates No. NIC00010574; AOA Screen Shots, attached hereto as Exhibit "G," Bates No. NIC00010509-NIC10511.

10.     The AOA screen associated with the Pennsylvania antitheft discount is titled "ANTI-THEFT DEVICES" and is reflected below. *See* AOA Screen Shots, attached hereto as Exhibit "G," Bates No. NIC00010509-NIC10511 (NIC00010510 reprinted below).



11.     The NICOA agent, with information provided to the agent by the policyholder, must select one of two options for the field for "AT": "00 – NO DISCOUNT" or "10 – 10% DISCOUNT." AOA also instructs the agent "SEE PORTFOLIO FOR DETAILS." Entering this information is mandatory. An agent must enter a "00" or "10" in the field to move forward with

the quote. *See* Transcript of May 27, 2010 Deposition of Jacob Strevig, attached hereto as Exhibit "C," at p. 49 line 17-p. 50 line 5; *AOA Study Manual: Auto Quote and Bind*, attached hereto as Exhibit "D," at p. 14, Bates No. NIC00010574; AOA Screen Shots, attached hereto as Exhibit "G," Bates No. NIC00010509-NIC10511.

12. When a passive anti-theft device discount is provided, agents are trained to request supporting documentation from policyholders, or what NICOA calls "trailing documents," which agents maintain in their files. *See* Transcript of May 27, 2010 Deposition of Jacob Strevig, attached hereto as Exhibit "C," at p. 15 line 21-p. 16 line 7, p. 89 line 1-p. 90 line 1; *AOA Study Manual: Auto Quote and Bind*, attached hereto as Exhibit "D," at p. 32, Bates No. NIC00010592; Standard Auto Property Trailing Documents (PA), attached hereto as Exhibit "I," Bates No. NIC00010554.

13. NICOA's preferred form of trailing document is a copy of the insured vehicle's owner's manual. *See* Transcript of May 27, 2010 Deposition of Jacob Strevig, attached hereto as Exhibit "C," at p. 89 line 1-p. 90 line 1.

14. NICOA requires that copies of Trailing Documents are kept by the agent. *See* Trailing Document Imaging — Proof of Prior Insurance (PA), attached hereto as Exhibit "J," at p. 2, Bates No. NIC00013800.

### III. FACTUAL BACKGROUND FOR WILLSCH

15. Mr. Willsch is a licensed private investigator, licensed in Pennsylvania, New York and New Jersey. He specializes in the investigation of motor vehicle accidents and has testified professionally regarding his investigation of motor vehicle accidents. *See* Transcript of May 26, 2010 Deposition of Gary Willsch, attached hereto as Exhibit "K," at p. 6 line 12-p. 7 line 4.

16.     Mr. Willsch is familiar with the general features of an automobile, including anti-theft devices. *See id.* at p. 12 lines 6-11.

17.     Mr. Willsch has attended training classes conducted by professional organizations to which he belongs on topics relating to the investigation of automobile accidents such as the determination of automobile crush zones and forces of impact. *See id.* at p. 11 line 21-p. 12 line 2.

18.     Relative to his profession, Mr. Willsch has investigated vehicles to obtain information on their construction and specifications. *See id.* at p. 13 lines 6-13.

19.     Mr. Willsch describes himself as starting in the automotive business when he was in the sixth grade and was associated with automotive businesses his father owned. *See id.* at p. 48 lines 5-10.

20.     Mr. Willsch has repaired many automobiles including replacing numerous air bags in vehicles when he worked as a mechanic. *See id.* at p. 48 lines 5-17.

21.     On March 7, 2005, Mr. Willsch applied for private passenger automobile insurance with NICOA to insure a 2004 Ford Explorer and a 2004 Ford Expedition. *See* Nationwide Insurance Company of America Automobile Insurance Application of Gary and Sandra Willsch, attached hereto as Exhibit "L," Bates Nos. NIC00013203-NIC00013210.

22.     The Willschs obtained the NICOA automobile insurance policy through the Zeiler Insurance Agency ("Zeiler") and interacted with Colleen Stool,[3] an employee of Zeiler. *See* Transcript of May 26, 2010 Deposition of Gary Willsch, attached hereto as Exhibit "K," at p. 17 line 19-p. 18 line 10.

---

[3]     Mr. Willsch explained that "Stool" is Colleen's maiden name; he does not know her married name. He has known Colleen since he and Colleen attended the same high school. *See* May 26, 2010 Deposition Transcript of Gary Willsch, attached hereto as Exhibit "K," at p. 17 lines 19-23.

23. When applying for coverage in 2005, Mr. Willsch met with Colleen at the Zeiler offices in Stroudsburg, Pennsylvania. *See id.*

24. Mr. Willsch does not recall if he was asked at the time of application if the 2004 Expedition and 2004 Explorer had anti-theft devices, and does not recall if he was asked about discounts pertaining to his vehicles during the application process. *See id.* at p. 20 lines 3-18.

25. Mr. Willsch does not "think" that his conversation in applying for insurance "got into the specificity of money or anything like that." *See id.* at p. 20 lines 15-21.

26. The insurance application was completed based upon Mr. Willsch's responses to questions asked by Colleen and was signed by Mr. Willsch. *See id.* at p. 18 lines 11-21.

27. Mr. Willsch also testified that when he initially applied for insurance with NICOA, he knew that the 2004 Ford Explorer and the 2004 Ford Expedition had anti-theft devices. *See id.* at p. 19 lines 16-19; *see also* Plaintiffs Gary and Sandra Willsch's Objections and Responses to Defendant Nationwide Insurance Company of America's First Set of Interrogatories Directed to Plaintiff, Objection and Response to Interrogatory No. 12, attached hereto as Exhibit "M."

28. At the time of the application for insurance, Mr. Willsch was provided with the "Notice of Availability" form outlined above providing notice of the passive anti-theft device discount. *See* Affidavit of Daniel Meister, attached hereto as Exhibit "B," ¶ 5; Nationwide Notice of Availability, V-6457 and V-6457-A (attached as Exhibit "1" to Affidavit of Daniel Meister).

29. At his deposition, Mr. Willsch acknowledged that the "Notice of Availability" form provides notice to consumers of the availability of anti-theft discounts. *See* Transcript of May 26, 2010 Deposition of Gary Willsch, attached hereto as Exhibit "K," at p. 35 lines 11-18.

30. Mr. Willsch also acknowledged that the "Notice of Availability" form instructs policyholders to contact their agent if they believe that they are entitled to an anti-theft discount. *See* Transcript of May 26, 2010 Deposition of Gary Willsch, attached hereto as Exhibit "K," at p. 35 line 19-p. 36 line 9.

31. Mrs. Willsch had no role in purchasing insurance from NICOA. *See* Transcript of May 26, 2010 Deposition of Sandra Willsch, attached hereto as Exhibit "N," at p. 10 lines 14-16.

32. Mrs. Willsch did not meet with the NICOA agent and was not involved in the application process other than to sign documents when necessary. *See id.* at p. 11 lines 5-13; p. 12 line 24-p. 13 line 5.

33. Mrs. Willsch relies on information from her husband with respect to her insurance with NICOA. *See id.* at p. 30 line 23-p. 31 line 3.

34. Both the 2004 Ford Explorer and 2008 Ford Expedition are owned by Mr. Willsch. *See* Transcript of May 26, 2010 Deposition of Gary Willsch, attached hereto as Exhibit "K," at p. 14 lines 8-16.

35. Mr. and Mrs. Willsch's application was accepted by NICOA, and the Willsch Policy was issued for the period from March 7, 2005 to September 7, 2005. *See* Nationwide Insurance Company of America Auto Policy Declarations issued March 9, 2005, Bates No. WIL00731-00733, Policy No. 58 37 D 674202, attached hereto as Exhibit "O."

36. The Willsch Policy was renewed for six subsequent periods from September 7, 2005 through September 7, 2008. *See* Nationwide Insurance Company of America Auto Policy Declarations issued April 14, 2005 (Bates No. WIL00728-00730), August 12, 2005 (Bates No. WIL00725-00727), February 10, 2006 (Bates No. WIL00722-00724), August 14, 2006 (Bates No. WIL00719-00721), February 9, 2007 (Bates No. WIL00716-00718), August 14, 2007 (Bates

No. WIL00714-00715), February 12, 2008 (Bates No. WIL00712-00713), and April 24, 2008 (Bates No. WIL00709-00711), Policy No. 58 37 D 674202, attached collectively as Exhibit "P."

37. On or about April 18, 2008, Mr. Willsch traded in the 2004 Ford Expedition and replaced it with a new 2008 Ford Expedition. *See* Nationwide Insurance Company of America Auto Policy Declarations issued April 24, 2008, Bates No. WIL00709-00711, Policy No. 58 37 D 674202, attached as part of Exhibit "P"; Transcript of May 26, 2010 Deposition of Gary Willsch, attached hereto as Exhibit "K," at p. 26 lines 5-9.

38. Mr. Willsch notified NICOA within days of the trade-in by once again contacting Colleen Stool at Zeiler, this time by phone, and later providing Colleen with the "window sticker" for the new 2008 Expedition. *See* Transcript of May 26, 2010 Deposition of Gary Willsch, attached hereto as Exhibit "K," at p. 25 lines 11-25.

39. Mr. Willsch possesses owners' manuals for the 2008 Expedition and 2004 Explorer. *See* Transcript of May 26, 2010 Deposition of Gary Willsch, attached hereto as Exhibit "K," at p. 40 lines 3-9.

40. Both of these manuals indicated that the respective vehicles contained devices known as "Securilock Anti-Theft Systems." Owners' Manual for 2008 Expedition, attached hereto as Exhibit "Q," at p. 167-168, Bates Nos. WIL00167-WIL00168; Owners' Manual for 2004 Explorer, attached hereto as Exhibit "R," at p. 90-91, Bates Nos. WIL00482-WIL00483.

41. Furthermore, Mr. Willsch acknowledged that both vehicles contained anti-theft indicator lights on the dashboard alerting drivers of the existence of anti-theft devices in the vehicles. *See* Transcript of May 26, 2010 Deposition of Gary Willsch, attached hereto as Exhibit "K," at p. 44 line 18-p. 46 line 18.

42. Prior to the April 18, 2008 change where the 2008 Ford Expedition was added to the Willsch Policy in place of the 2004 Ford Expedition, the policy was renewed six times. *See* Nationwide Insurance Company of America Auto Policy Declarations, attached collectively as Exhibit "P."

43. The Willsch Policy was then renewed for at least four additional renewal periods between September 7, 2008 and March 7, 2010, after the 2008 Expedition was added to the policy. *See* Nationwide Insurance Company of America Auto Policy Declarations issued August 14, 2008 (Bates No. WIL00706-00708), October 27, 2008 (Bates No. WIL00703-00705), February 11, 2009 (Bates No. WIL00700-00702), August 13, 2009 (Bates Nos. NIC00013050-NIC00013054, and February 11, 2010 (Bates Nos. NIC00013035-NIC00013039), Policy No. 58 37 D 674202, attached collectively as Exhibit "S."

44. Mr. Willsch acknowledged that he received and reviewed the Declarations pages sent by NICOA. *See* Transcript of May 26, 2010 Deposition of Gary Willsch, attached hereto as Exhibit "K," at p. 22 lines 4-9, p. 22 line 16-p. 23 line 2.

45. When the policy was renewed the Notice of Availability forms outlined above accompanied the renewal documents. *See* Affidavit of Daniel Meister, attached hereto as Exhibit "B," ¶ 5; Nationwide Notice of Availability, V-6457 and V-6457-A (attached as Exhibit "1" to Affidavit of Daniel Meister).

11

                    **NELSON LEVINE de LUCA & HORST, LLC**

**BY:** /s/ Michael R. Nelson
       Michael R. Nelson (I.D. 65679)
       G. Franklin McKnight (I.D. 85701)
       518 Township Line Rd., Suite 300
       Blue Bell, PA 19422
       Phone: 215.358.5100
       Fax: 215.358.5101
       mnelson@nldhlaw.com
       fmcknight@nldhlaw.com

       Attorney for Defendant
       Nationwide Insurance Company of America

Dated: June 30, 2010